**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| ARMINE MARTIROSYAN, | No. 07-73513 |
| Petitioner, | Agency No. A074-394-423 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010 **

Before:    ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Armine Martirosyan, a native and citizen of Armenia, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for asylum, withholding

of removal, and protection under the Convention Against Torture ("CAT"). We have

---

  *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  **    The panel unanimously concludes that this case is suitable for
decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Santos-Lemus v. Mukasey* , 542 F.3d 738, 742 (9th Cir. 2008), and we deny the petition for review.

The BIA denied Martirosyan's asylum claim as time-barred. Martirosyan does not challenge this finding in her opening brief. *See Aguilar-Ramos v. Holder,* 594 F.3d 701, 703 n.1 (9th Cir. 2010) (where applicant did not contest a finding of untimeliness, issue is waived).

Martirosyan claims she fears persecution based on her status as the wife of a successful jeweler who was extorted by corrupt public officials. Substantial evidence supports the BIA's determination that, even if Martirosyan's application for asylum was timely, she did not establish persecution on account of a protected ground. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1171 (9th Cir. 2005) (holding that "[a] social group of business persons [] is too broad to qualify as a particularized social group [because] there is neither a voluntary relationship nor an innate characteristic to bond its members"). Accordingly, Martirosyan's asylum and withholding of removal claims fail. *See Barrios v. Holder,* 581 F.3d 849, 856 (9th Cir. 2009).

Substantial evidence also supports the agency's denial of CAT relief because Martirosyan failed to demonstrate that it was more likely than not she will be

tortured if returned to Armenia.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**